OPINION of the Court, by
Judge Trimble.
— Hy» bert Brink, in the year 1805, exhibited his bill in chancery against John Bledsoe and Philip Brink, charging therein that he had, in the year 1 796, lent to John Bledsoe two hundred dollars, to be repaid in two or three weeks, for which he took Bledsoe’s bond, which he deposited with Philip Brink ; that Bledsoe never repaid him the money, but pretends he paid it to Philip Brink, with whom the bond was by him deposited, but who, he charges, had no authority to receive it; that he never has been able to regain the possession of the bond from Philip Brink, who retains it, or who, if he hath received the money and given up the bond, hath never paid him the 200 dollars, but denies the receipt thereof. The bill, therefore, prays a discovery, and that the defendants, or one of them, may be decreed to pay him the money with interest, and for general relief, &c.
Bledsoe, in his answer, admits the loan, and the giving of the bond ; says that the bond was put into the possession of Philip Brink, by Hybert Brink, at the time of its execution ; and that, within a few weeks thereafter, he paid the amount of 160 dollars, part thereof, to Philip, who endorsed a credit on the bond therefor ; and that, very shortly afterwards, he paid off the balance of 40 dollars, with interest, to Philip, who gave him up his bond, which he destroyed ; and he insists that Philip had authority to receive the money.
Philip Brink, in his answer, flatly denies every material allegation contained in the bill, and sets up the statute of limitations as a bar to the relief prayed by the complainant.
At the hearing of the cause, the circuit court dismissed the bill as to the defendant Bledsoe, and decreed the defendant Philip Brink to pay to the complainant *256 the SOO dollars, with interest and costs ; upon which decree Philip Brink hath prosecuted this writ of error* with supersedeas.
A ease, perhaps, never presented itself before a court of justice more strongly evincing the utility and wisdotti of the statute of limitations. The depositions of a number of witnesses have been taken; some of whom, it must in charity be hoped, have told what they believed to be the truth ; but their statements are so contradictory and irreconcilable in numerous instances, that charity itself cannot induce a belief all have done so. It is morally impossible to discover, with any satisfactory degree of certainty, ami .'st the contradictory impressions of the witnesses, at the distance of nine years from the transaction, where truth lies amongst them ; and it is fortunate for the court that there is no necessity for determining. It has not even been attempted to be proven that Philip Brink either received the money within five years next preceding the commencement of the suit, or that within that period he had assumed the payment of it to the complainant; nor is there any evidence of either such receipt or assumpsit since the year 1796: the statute of limitations was therefore a bar to the relief sought by the bill against him. It would have been fortunate for the consciences ,of some of the parties, and many of the witnesses, if it had been so understood by the complainant before his -bill was exhibited.-Decree reversed.